DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13CV24-RLV
(5:05CR33-RLV-DCK-1)

| | |
|---|---|
| PAUL WESLEY GAITHER, JR.,  )<br>)<br>Petitioner,  )<br>)<br>vs.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Respondent.  )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on a status review.

On July 5, 2006, Petitioner was convicted on one count of possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (Count Two), and one count of using and carrying firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three). (5:05-cr-33, Doc. No. 15 at 1-2: Judgment). Petitioner was sentenced to seventy-seven months' imprisonment on Count Two, and to a consecutive term of sixty months' imprisonment on Count Three. (Id.). Petitioner did not file a direct appeal.

On June 11, 2007, Petitioner filed a motion to vacate under Section 2255, challenging his guilty plea and criminal judgment. (5:07-cv-59, Doc. No. 2). This Court conducted an initial review, concluded that Petitioner's arguments were without merit, and denied and dismissed the motion to vacate in an order filed on July 9, 2007. (Id., Doc. No. 19). On July 11, 2012, Petitioner filed a second Section 2255 motion to vacate, contending that he is entitled to relief based on the Fourth Circuit's en banc opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner argued that he did not have a predicate felony conviction for which he could have

1

received more than a year in prison. Consequently, Petitioner contended that he is entitled to be resentenced without the Court's consideration of a prior conviction pursuant to 21 U.S.C. § 851. (5:12-cv-94, Doc. No. 1 at 1-2). On January 8, 2013, this Court entered an order denying as a successive petition the Section 2255 motion to vacate. (Id., Doc. No. 3).

Petitioner then filed this third, pro se Section 2255 motion to vacate on February 13, 2013, again seeking relief under Simmons. Petitioner also sought alternative relief under 28 U.S.C. § 2241, and under the writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651. On February 20, 2013, this Court entered an order dismissing the Section 2255 motion as a successive petition. (Doc. No. 2). The Court also found that Petitioner was not entitled to alternative relief under 28 U.S.C. § 2241, or under the writ of error coram nobis. Finally, the Court noted that Petitioner had not signed the petition under penalty of perjury. Petitioner appealed and on January 31, 2014, the Fourth Circuit Court of Appeals granted the parties' joint motion to remand to this Court, in which both parties contended that Petitioner was entitled to relief under § 2241. (Doc. No. 43). For purposes of the appeal, the Fourth Circuit consolidated this action with Petitioner's § 2255 petition in 5:12-cv-94. See (5:12-cv-94, Doc. No. 9).

On October 7, 2014, this Court stayed this action pending the Fourth Circuit's decision in United States v. Surratt. (Doc. No. 17). The Fourth Circuit has now issued United States v. Surratt, 797 F.3d 240 (4th Cir. 2015) (applying Jones and denying § 2241 relief from mandatory life sentence based on now invalid North Carolina felony drug conviction under Simmons). On September 30, 2015, this Court denied and dismissed the petition in Petitioner's other, consolidated case, finding that, under In re Jones, 226 F.3d 328, 333 (4th Cir. 2000), and Surratt, Petitioner is not entitled to relief under § 2241. Because the Court has denied Petitioner relief under § 2241 in Petitioner's other action, it follows that Petitioner is denied relief under § 2241

in this action as well.[1] That is, the issues are identical in this and Petitioner's companion case with regard to Petitioner's request for relief under § 2241. Furthermore, for the reasons stated in the Court's prior order denying and dismissing Petitioner's motion to vacate, Petitioner is not entitled to relief under the writ of coram nobis (and/or a writ of audita querela) under the All Writs Act. See (Doc. No. 2 at 3).

**IT IS, THEREFORE, ORDERED** that

1. The Court's previous stay of this action is hereby lifted.

2. Petitioner's Motion to Vacate, and his alternative petition under § 2241, and under the writ of coram nobis and/or audita querela (Doc. No. 1), is **DENIED and DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

---

[1] Based on the Court's order in Petitioner's companion case, the Court finds that a response from the Government is not necessary.

Signed: October 22, 2015

Richard L. Voorhees
United States District Judge